## A. L. Greer *v.* E. R. Gard.

**Specific Performance of Contract—Judgment.**
Where plaintiff asks for judgment requiring defendant to carry out his contract and convey to him certain real estate, or that the court should cause such conveyance to be made by a commissioner, the court has no authority to render judgment against the defendant for the value of the land.

**Judgment—Jurisdiction.**
When specific performance is demanded requiring defendant to convey to plaintiff certain real estate, and the court renders judgment requiring such conveyance and appointing a commissioner to make the same, such judgment is final and the court has no jurisdiction thereafter to change such judgment. The court retains jurisdiction thereafter in said cause only for the purpose of executing the judgment.

APPEAL FROM KENTON CIRCUIT COURT.

January 19, 1875.

OPINION BY JUDGE LINDSAY:

By the amended petition of January 8, 1870, appellee practically abandoned the cause of action set up against the two Greers and Simrall in his original petition.

By his said amended petition he sought to specify enforcement of an alleged contract with A. L. Greer by which the latter, in consideration of the assignment to him of the right to operate a certain brick machine in the counties of Kenton, Campbell and Fayette, un-

dertook and agreed to convey to appellee six acres of land situated in the state of Illinois, and in the vicinity of the city of Chicago. He averred that the title to said land was held by Thomas Greer in trust for A. L. Greer, and prayed that A. L. Greer and wife and Thomas Greer and wife "be adjudged to convey said title to the plaintiff (him), by a deed with covenants of general warranty, and in case of a refusal to do so after a reasonable time, then that this court do order and direct such conveyance by its commissioner, and that he be directed to insert in such conveyance such covenants of warranty as plaintiff is entitled to under said contract, and for his costs and proper relief."

By another amended petition, filed July 9, 1870, appellee set out the manner in which Thomas Greer became invested with the title to the six acres of land, and prayed as in the first amended petition.

In this state of the pleadings, on January 19, 1871, the chancellor rendered a judgment dismissing appellee's petition as to Simrall and Thomas Greer, and adjudging that A. L. Greer should make or cause to be made to Gard a good title to the six acres of land in Illinois, and in case he failed to do so, the judgment provided that an order would be made to ascertain the value of said land, and a judgment rendered against Greer for the amount it might be found to be worth. This latter part of the judgment was not warranted by the pleadings. Gard asked for no such relief; and as the case stood it may well be doubted whether the court had jurisdiction to render any such judgment.

Gard seems to have realized this difficulty, and on March 30, 1871, he moved the court for an order directing the master commissioner to convey to him by deed the property in Chicago, as described in the pleadings and judgment. On April 15, 1871, this motion was sustained, and an order made directing the master to convey, and adjudged to Gard his costs.

This was a final order in the action. The alternative judgment of January 19, which was interlocutory in its nature, was merged into this last named judgment. Gard had elected to take a conveyance of A. L. Greer's title to the Chicago property in satisfaction of his claim, and upon his own motion the chancellor adjudged to him the relief desired. The cause remained upon the docket for the sole purpose of executing the judgment last rendered.

The subsequent order of the court, entered on March 19, 1872, was wholly authorized; and the judgment of December 12, 1873, is, therefore, necessarily erroneous, independent of the court of au-

thority in the court. The said last named judgment is not supported by the pleadings in the case. It gives to the appellee a character of relief he does not ask. The plea of the statute of limitation bars the appeal from the judgment rendered on April 15, 1871.

The order of March 19, 1872, and the judgment of December 12, 1873, are erroneous and are both *reversed.*

The cause is remanded for the enforcement of the judgment of April 15, 1871, in such manner as the court below may deem just and equitable to the parties, and not inconsistent with the spirit of said judgment. Upon the cross-appeal, the judgment is *affirmed.*

*R. D. Handy, for appellant.*
*Stevenson & O'Hara, for appellee.*